No. 25023.

THE PEOPLE OF THE STATE OF COLORADO *v.*
BOYD M. LAWTHER.
(483 P.2d 216)

Decided April 5, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, L. JAMES ARTHUR, Assistant, for The People of the State of Colorado.

BOYD M. LAWTHER, pro se.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

A COMPLAINT containing two counts was filed by the

Attorney General with the Grievance Committee against the Attorney Respondent, Boyd M. Lawther.

On November 5, 1970, the Respondent filed an Answer. Thereafter, on November 6, 1970, a hearing was held before the Grievance Committee of this Court. The Respondent appeared in that hearing pro se. The Committee made findings of fact to which the Respondent has filed no exceptions. The findings of fact will be summarized below.

## I.

Sometime immediately prior to July 25, 1969, Mrs. Mary Wood retained the Respondent in the matter of adoption by her husband of her 17 year-old-son of a former marriage. Mrs. Wood and her husband agreed on a total fee of $150 to be paid in installments, and by November 7, 1969, had paid a total of $80. Some time after signing the papers, Mrs. Wood was told by the Respondent that matters were proceeding and that the adoption would take place on January 14, 1970, in the District Court in Adams County. On January 14, 1970, Mrs. Wood contacted the court and discovered that, in fact, no adoption papers had been filed. On the evening of January 14, Mrs. Wood and her husband went to the Respondent's home and he told them that they were mistaken about the date and that they would hear from him the following week. Mrs. Wood did not hear from the Respondent or the court and has been unable to contact the Respondent. The Respondent never filed that action and has never offered to refund any of the monies he received from Mrs. Wood.

## II.

On July 1, 1966, Victor Sterkel and his wife, Frances, were served with a summons and complaint in an action in the District Court in Adams County brought on behalf of Frank and Josephine Fahey by their attorney William Pehr. Mr. Sterkel took the summons and complaint to the Respondent and also one or more letters received from the plaintiff's attorney, advising that no answer had been

filed. These contacts took place prior to the time that any default judgment had been or could have been entered.

Mr. Sterkel and the Respondent agreed that the Respondent would defend the Fahey suit for a fee of $250, to be paid out of the proceeds of an expected settlement entered in a tort case in which Respondent also represented the Sterkels. However, no appearance was made on behalf of the Sterkels, and a default judgment was entered against them on September 26, 1966, and on October 5, 1966, judgment in the amount of $3,020, plus interest and costs was entered.

Thereafter, the Faheys' attorney filed a motion pursuant to C.R.C.P. 69 (d), requiring the Sterkels' appearance in court. The Sterkels did appear, together with Mr. Lawther. Some testimony was taken and the matter was continued to February 7, 1967, and then to February 14, 1967. Various writs of execution were thereafter issued by plaintiffs' attorney. Some time later, the plaintiffs' attorney discovered that some property in Longmont was held in the name of Mrs. Sterkel and her four sisters, and thereupon he filed a partition suit. Defaults were entered against Mrs. Sterkel in that suit.

Respondent repeatedly told the Sterkels not to worry, that things would be taken care of, and that they couldn't be held responsible because the Faheys' complaint was fraudulent. On May 13, 1969, Respondent filed a motion to set aside the judgment in the District Court in Adams County, but it was never set for hearing.

After a great deal of inaction by the Respondent, the Sterkels finally retained other counsel who promptly and efficiently settled the case, achieving the credit of a set-off which was due the Sterkels on the judgment.

The Committee found that the Respondent, through gross negligence or willfulness, failed to file any papers in the Adams County case which resulted in the entry of a default judgment; that as a result of this the Sterkels suffered financial loss; and the Respondent's conduct was

contrary to the highest standards of honesty, justice and morality.

### III.

This Court feels that the findings of fact made by the Grievance Committee show a callous indifference and lack of concern about the affairs of his clients on the part of Respondent.

We conclude that as concerns this Respondent, proper disciplinary action is indefinite suspension. Accordingly, the Respondent is indefinitely suspended from the practice of law in this state and he is ordered to pay within 60 days from the announcement of this opinion the costs of $60.50 incurred in this matter. He is further ordered to surrender his license forthwith.